USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYANTHA FAVOURITE,

                 Plaintiff,

-against-

55 HALLEY STREET, INC. THE BOARD OF
DIRECTORS OF 55 HALLEY STREET, INC., and
DIANE CURRENTI and DORIS BASILONE,

                 Defendants.

No. 16-cv-4285(NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Rayantha Favourite ("Plaintiff") commenced this action on June 9, 2016 against 55 Halley Street, Inc., the Board of Directors of 55 Halley Street, Inc., Diane Currenti ("Currenti"), and Doris Basilone (collectively, "Defendants"). (ECF No. 5.) Plaintiff asserted 15 causes of action, including six federal claims sounding in, *inter alia*, discrimination arising from events concerning her residency at 55 Halley Street, Yonkers, NY. (*Id.*) By Opinion and Order dated May 23, 2019, this Court granted summary judgment in favor of Defendants (the "May 2019 Opinion"), dismissing (1) Plaintiff's federal and state law claims sounding in discrimination, with prejudice, and (2) Plaintiff's remaining state law claims, without prejudice to re-commence in state court. (ECF No. 50.)

Presently before the Court is Plaintiff's motion to set aside the May 2019 Opinion, pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure. (ECF No. 52.) For the following reasons, Plaintiff's motion is DENIED.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

This rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 729 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted).

As the Second Circuit has instructed, "Rule 60(b) provides 'extraordinary judicial relief' that may be granted 'only upon a showing of exceptional circumstances.'" *Harrison v. N.Y.C. Admin. For Children's Servs.*, No. 02 Civ.947 RCC RLE, 2005 WL 2033378, at *1 (S.D.N.Y. Aug. 23, 2005) (quoting *Nemaizer*, 793 F.2d at 61). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Notably, the rule may not be used as a substitute for a timely appeal. *Nemaizer*, 793 F.2d at 61. Moreover, a "Rule 60(b) motion may not be used "to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T. Health and Welfare*, 490 F. App'x 405, 406 (2d Cir. 2013)

### DISCUSSION

Plaintiff advances two grounds for relief under Rule 60(b). *First*, Plaintiff argues that relief is warranted under FRCP 60(b)(3) because Defendants intentionally failed to attach the corrections to non-party George Butcher's deposition testimony (the "Butcher Corrections") when they moved for summary judgment. (Pl. Mem. of Law in Support of Pl. Mot., ECF No. 52, at 1-2.) *Second*, Plaintiff maintains that relief is warranted under FRCP 60(b)(6) because consideration of the

Butcher Corrections mandates a different view of the evidence previously submitted by the parties.[1] (*Id.* at 3-21.) As explained below, the Court finds that neither basis compels the extraordinary remedy of overturning the May 2019 Opinion.

**I.    Rule 60(b)(3) Motion**

"Under Rule 60(b)(3), a district court may relieve a party from a final judgment for 'fraud.'" *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). To prevail, "a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting [her] case.'" *Id.* (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). "However, a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations," nor can it "serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966), *cert. denied.*, 387 U.S. 933 (1967); *Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc.*, 301 F.2d 114, 115 (2d Cir. 1962)). And where fraud on the court is implicated, the moving party must establish "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Network Enters., Inc. v. APBA Offshore Prods., Inc.*, No. 01 Civ. 11765-CSH, 2009 WL 62180, at *5 (S.D.N.Y. Jan. 9, 2009) (internal citations and quotations omitted).

Here, Defendants received signed and notarized copies of the Butcher Corrections on September 8, 2017 but did not include those corrections when moving for summary judgment. (Pl. Opp. 1-2.) Plaintiff primarily argues that Defendants' failure to include the Butcher Corrections was "purposeful" and motivated by "the materiality and importance of Mr. Butcher's corrections

---

[1]    Notably, in responding to Defendants' opposition, Plaintiff seemingly concedes that the grounds for her FRCP 60(b)(6) challenge to the Court's decision are duplicative FRCP 60(b)(3) challenge. (Pl. Reply in Support of Defs. Opp. ("Pl. Reply"), ECF No. 55, at 10.)

and additions." (*Id.* at 2.) But as Defendants aptly note, Plaintiff's counsel was aware of the existence of the Butcher Corrections well before Defendants filed their motion. (Defs. Mem. of Law in Opp. to Pl. Mot., ECF No. 54, at 2.) Indeed, Plaintiff's counsel was copied on a September 13, 2017 letter in which Defendants objected to the Butcher Corrections for, among other things, failure to comply with FRCP 30(e)(1)(B). (Aff. of Jon Kolbrener, ECF No. 53, Ex. D.) So, true as it might be that Defendants were aware of the corrected testimony, it is equally the case that Plaintiff's counsel knew of its existence and Defendants' clear objections. Armed with that knowledge, Plaintiff's counsel had every opportunity to consult with Mr. Butcher regarding the nature of the corrections prior to the close of briefing on Defendants' motion. Yet, notwithstanding Plaintiff's counsel's unquestionable awareness of the Butcher Corrections, neither Plaintiff nor her counsel took steps to raise an issue with the Court prior to the close of summary judgment briefing period. Given her counsel's awareness of these corrections, Plaintiff cannot now credibly argue that she was prevented from fully and fairly litigating her case on summary judgment.

In any event, the Court does not view Defendants' failure include corrections to which they objected as the type of misconduct that Rule 60(b)(3) envisions. Given the record before it, the Court concludes that Plaintiff has failed to meet her burden of presenting clear and convincing evidence of fraud.

The Court DENIES her Rule 60(b)(3) motion for relief from the May 2019 Opinion.

## II. Rule 60(b)(6) Motion

Rule 60(b)(6) "authorizes a district court to grant relief to a moving party for 'any other reason that justifies relief.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). The rule acts as a "grand reservoir of equitable power to do justice in a particular case." *Id.* at 67 (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). However, because of the rule's "potentially

4

sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *Nemaizer*, 793 F.2d at 63). "The rule's 'extraordinary circumstances' threshold is high; courts consistently deny Rule 60(b)(6) motions from movants who received unfavorable summary judgment decisions and fail to meet the standard." *Concepcion v. City of New York*, No. 15-CV-4844 (AMD) (LB), 2019 WL 3252749, at *1 (E.D.N.Y. July 18, 2019). Moreover, "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *McLaughlin v. Chong*, No. 13-cv-0807 (NSR), 2018 WL 3773993, at *4 (S.D.N.Y. Aug. 9, 2018) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)).

As an initial matter, it appears that Plaintiff's invocation of Rule 60(b)(6) is merely an attempt to re-assert her Rule 60(b)(3) challenge. (*See* Pl. Reply 10.) On that basis alone, Plaintiff's Rule 60(b)(6) challenge should be denied. Moreover, although premised on the effects the omission of the Butcher Corrections, the totality of Plaintiff's argument ultimately amounts to a re-litigation of Defendants' motion for summary judgment. Such re-litigation is plainly not encompassed by Rule 60(b)(6). *See Concepcion*, 2019 WL at *2.

Nevertheless, to the extent Plaintiff maintains that the omission of the Butcher Corrections in the record is an extraordinary circumstance, that contention equally fails. Even if the Court were to consider the impact of the Butcher Corrections flagged by Plaintiff in her Rule 60(b) motion, it finds that they do not disturb the Court's rigorous and searching review of the record or subsequent legal analysis in the May 2019 Opinion. Specifically, although the Butcher Corrections

are substantial, the particular provisions flagged by Plaintiff do not seem to meaningfully alter the overall substance of Mr. Butcher's testimony that was previously flagged for the Court.[2]

At bottom, Plaintiff has failed to establish the requisite "extraordinary circumstances" warranting relief from the May 2019 Opinion. The Court therefore DENIES Plaintiff's Rule 60(b)(6) motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of the Court is directed to terminate the motion at ECF No. 52.

Dated: March 10, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[2] Plaintiff seemingly concedes this point in responding to Defendants' position that the corrections amounted to a virtual rewriting of the deposition. As Plaintiff notes, "Butcher's corrected testimony provides a detailed response to [Defendants'] line of inquiry that is totally consistent with his original answer." (Pl. Reply 9.)